UNITED STATES DISTRICT COURT OF THE UNITED STATES OF AMERICA
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
LIDA MALKOUKIAN,

                                                                  **COMPLAINT**

                      Plaintiff,        FILE No.:

        - against -

UNITED STATES OF AMERICA and UNITED STATES
POSTAL SERVICE and SIGE REALTY CO n/k/a SIGE
REALTY LLC

                      Defendants

------------------------------------------X

    Plaintiff, as and for her Complaint, complaining of the Defendants, by her attorneys, MORRISON & WAGNER, LLP, alleges and states as follows:

### JURISDICTION AND PARTIES

    1.  Original jurisdiction herein is founded upon 28 U.S.C. Section 1332 (a)(1) in that plaintiff LIDA MALKOUKIAN was and still is a resident of the County of Nassau and State of New York and that co-defendants, United States of America, is the Federal governmental entity which formed and authorized the existence of the co-defendant, United States Postal Service, which is an independent agency of the United States federal government that administers postal service and mail in the United States and that such agency functions as a component of the federal

government of the United States of America and which jurisdiction is invoked over for the purposes of this lawsuit under the Federal Torts Claims Act.

2. The United States District Court has original jurisdiction over this action pursuant to Federal Torts Claims Act and 28 U.S.C. Sections 1346 and 2408.

**VENUE**

3. Venue is properly laid in the Eastern District of New York under United States Code Section 1391 (a), this being the District in which the claim arose.

4. The matter in controversy exceeds the sum of $75,000.00 exclusive of costs and interest.

**JURY DEMAND**

5. Plaintiff respectfully requests a trial by jury of all issues in this matter pursuant to Federal Rules of Civil Procedure 38(b).

FACTS

6. Upon information and belief, that at all times Hereinafter mentioned, the Co-Defendant, UNITED STATES OF AMERICA is the Federal Government entity that authorizes and empowers the existence of the co-defendant, United States Postal Service and that the United States Postal Service functions as an agency of the federal government of the United States of America.

7. That at all times hereafter mentioned co-defendant SIGE REALTY CO n/k/a SIGE REALTY LLC is an entity formed and existing pursuant to the laws of the State of New York.

8. That at all times hereinafter mentioned, the co-defendants, UNITES STATES OF AMERICA, UNITES STATES POSTAL SERVICE and SIGE REALTY CO n/k/a SIGE ETAY LLC (hereinafter, "the co-defendants") owned or occupied the premises located at 661 Middle Neck Road, Great Neck, New York (hereinafter, "the premises")

9. That at all times herein mentioned, the Co-Defendants, and each of them, by its agents, servants and/or employees, operated and owned the aforesaid premises including the sidewalks, pavement and drive way aprons immediately adjacent to and abutting the premises located at 661 Middle Neck Road, Great Neck, New York.

4

10. That at all times herein mentioned, the Co-Defendants, and each of them by its agents, servants and/or employees, maintained the aforesaid premises including the sidewalk, pavement and driveway aprons adjacent to and abutting the premises located at 661 Middle Neck Road, Great Neck, New York..

11. That at all times herein mentioned, the co-defendants, and each of them, by its agents, servants and/or employees, controlled the aforesaid premises including the sidewalk, pavement and driveway aprons abutting and adjacent to the premises located at 661 Middle Neck Road, Great Neck, New York.

12. That at all times herein mentioned, the co-Defendants, and each of them, by its agents, servants and/or employees, supervised the aforesaid premises including the sidewalk, pavement and driveway aprons adjacent to and abutting the premises located at 661 Middle neck Road, Great Neck, New York..

13. That at all times herein mentioned, the co-Defendants, and each of them by its agents, servants and/or employees, repaired and maintained the aforesaid premises

including the sidewalk, pavement and driveway aprons adjacent to and abutting the premises..

14. That at all times herein mentioned, the Co-Defendants, by its agents, servants and/or employees, had a duty to properly manage, maintain, control, supervise and repair the aforesaid premises including the sidewalk, pavements and driveway aprons adjacent to and abutting the premises.

15. That at all times herein mentioned, the Co-Defendants by its agents, servants and/or employees, failed to properly manage, maintain, control, supervise and repair the aforesaid premises including the sidewalk, pavements and driveway aprons adjacent and abutting the premises.

16. That at all times herein mentioned, that the aforementioned co-Defendants by its agents, servants and/or employees, operated, maintained, supervised, inspected, controlled and had a duty to keep and maintain the premises in a safe condition for pedestrian to traverse the sidewalk, pavement and driveway apron abutting and adjacent to the premises at 661 Middle Neck Road, Great Neck, New York.

17. That at all times herein mentioned, the co-Defendants by its agents, servants and/or employees allowed the

aforesaid premises to remain in a dangerous, broken, defective, cracked, wet and/or hazardous condition, particularly the sidewalk, pavement and driveway apron adjacent to the premises.

18. That at all times herein mentioned, the co-Defendants by its agents, servants and/or employees, caused and/or permitted a dangerous condition to exist and remain at the aforesaid premises.

19. That at all times herein mentioned, that the Co-Defendants by its agents, servants and/or employees, failed to properly keep and maintain the aforesaid premises.

20. That on the 19th day of August, 2014, Plaintiff was traversing across the sidewalk, pavement and/or driveway apron adjacent to and abutting the premises located at 661 Middle Neck Road, Great Neck, New York and was caused to sustain serious and severe personal injuries as a result of a trip and fall at the aforesaid location.

21. That solely by reason of the negligence, recklessness and carelessness of the Co-Defendants, its agents, servants, and/or employees as aforesaid, Plaintiff, became sick, sore, lame, bruised and disabled; received serious permanent and severe injuries in and about diverse parts of her person;

experienced great pain and suffering and continues to suffer from said injuries, that said Plaintiff, has been informed and verily believes said injuries to be a permanent nature and Plaintiff is and will be incapacitated for a long period of time, and Plaintiff was compelled to and did seek medical aid, attention and treatment and care and will be compelled to do so in the future and Plaintiff, was in other ways damaged.

22. That the occurrence was caused solely by the negligence, recklessness, and carelessness of the Co-Defendants, its agents, servants, and/or employees, in its ownership, operation, management, maintenance, inspection, supervision, repair and control of the aforesaid location and without any negligence on the part of the Plaintiff contributing thereto.

23. This action falls within one or more of the exceptions set forth in Article 16 of the CPLR.

24. That plaintiff prior to the commencement of this action did serve upon the co-defendant United States of America a Notice of Claim.

25. That on or about March 12, 2015 the co-defendants United States of America denied in writing the plaintiff's Notice of Claim, and thereby rendered the plaintiff eligible to commence

suit as against the United States of America and so this lawsuit is therefore timely and procedurally proper under 28 U.S.C Sections 2401(b) and 39 CFR 912.9(a) and **The Federal Torts Claims Act.**

**WHEREFORE,** the Plaintiff demands judgment against the Co-Defendants, in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and said amount is to be determined by this Honorable Court all together with the costs and disbursements of this action.

Dated:   New York, New York
         August 4, 2015

                                          _____
                                          **Eric H. Morrison**, ESQ.
                                          MORRISON & WAGNER, LLP
                                          Attorneys for the Plaintiff
                                          49 West 38th Street, 15th Fl.
                                          New York, New York 10018
                                          (212) 343-8000
                                          0702 - 9/85

FILE NO:

US DISTRICT COURT: EASTERN DISTRICT

MALKOUKIAN

          Plaintiff

-against-

UNITED STATES et al

          Defendants

SUMMONS - COMPLAINT

**MORRISON & WAGNER**
Attorneys for Plaintiff
Office & P.O. Address:
49 WEST 38th STREET, 15th floor
New York, NY 10036
(212) 343-8000

To:

---

**NOTICE OF ENTRY OR SETTLEMENT**

Sir(s):

**PLEASE TAKE NOTICE** that a receipt of a copy of the

Plaintiffs
of which the within is a
(true)(certified) copy

was duly entered within named

\_\_\_ **NOTICE OF ENTRY**

By:.......................
Court on                    199

\_\_\_ **NOTICE OF SETTLEMENT**

will be presented for settlement
to the Hon.

one of the Judges of the within
named Court at the Courthouse at
          199

at          o'clock A.M.

Dated:
          199
    Yours, etc.,

Attorneys for Plaintiff
Office & P.O. Address:

---

**ADMISSION OF SERVICE**

within                                         The undersigned acknowledges

on                                              201
                                                at          o'clock

.............................
Attorney(s) for

**ATTORNEY'S CERTIFICATION**

STATE OF NEW YORK, COUNTY OF

The undersigned, an attorney
admitted to practice in the State
of New York, does hereby certify,
pursuant to Section 2105 CPLR,
that I have compared the within
with the original and have found
it to be a true and complete copy